UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Gregory Lewis Bradley, ) | CASE NO. 1:14 CV 811 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | Memorandum of Opinion and Order |
| State of Ohio, ) | |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

*Pro se* Plaintiff Gregory Lewis Bradley filed this action against the State of Ohio to challenge his 2011 conviction on drug trafficking charges. In the Complaint, Plaintiff frames his arguments in terms of trusts, beneficiaries, and powers of attorney. He refers to himself as a beneficiary and contends the trial judge and prosecutor, acting as trustees, breached their fiduciary duties to him. He further contends that the State of Ohio violated anti-fraud provisions of the Securities Exchange Act, the Fair Debt Collection Act, various provisions of the Uniform Commercial Code, the Foreign Sovereign Immunities Act, and committed crimes of piracy on the high seas to obtain his conviction. He seeks monetary damages and other relief that may be just and proper in Columbiana County Common Pleas Court Case No. 09-CR-291. He also included a Writ of Replevin wherein he claims an interest in himself and demands that the Richland Correctional Institution return him.

**BACKGROUND**

Plaintiff's Complaint is 125 pages long and consists largely of legal rhetoric. Dispersed throughout the pleading, however, are numerous references to his criminal conviction from Columbiana County in 2011. A very liberal interpretation of the statements in the pleading suggest Plaintiff is attempting to collaterally attack his conviction using unrelated commercial statutes as support.

Prior to October 2009, the Columbiana County Drug Task Force received an anonymous phone call reporting that a man by the name of "TJ" was selling narcotics out of a trailer on State Route 517, in Columbiana County, Ohio. *See State v. Bradley*, No. 11 CO 26, 2012 WL 6212841, at *7 (Ohio App. 7 Dist. Dec. 5, 2012). The Drug Task Force was contacted by Tammi Dennison, a paid informant, who reported she was acquainted with TJ and could likely purchase drugs from him. With Dennison's assistance, the Drug Task Force conducted three controlled drug buys from TJ from his State Route 517 residence which produced 11.2 grams of crack cocaine, and 30 Percocet tablets. It was later determined that TJ was Plaintiff Gregory Bradley. *Id.* Based upon the evidence obtained from the controlled buys, a warrant was issued to search Plaintiff's residence. *Id.* at *2. The search revealed additional drugs, scales, and cash. *Id.*

On March 24, 2010, the Columbiana County Grand Jury indicted Plaintiff on three counts of trafficking crack cocaine, one count of aggravated trafficking Percocet, one count of aggravated possession of Oxycodone, and one count of possession of cocaine. *Id.* at *2. Columbiana County Common Pleas Court Judge Scott Washam presided over the case. At trial, Prosecutor John Gamble presented several Drug Task Force agents as witnesses including

Detective Dan Downard and Lieutenant Allan Young. *Id.* A jury found Plaintiff guilty of all of the offenses as charged in the indictment, along with the additional findings that the offenses took place in the vicinity of a juvenile. *Id.* at *4. He was sentenced on August 18, 2011 to an aggregate prison term of nine years. *Id.*

In his Complaint, Plaintiff claims that he is the beneficiary of a trust for which Judge Washam and John Gamble are trustees. He contends Washam and Gamble did not remove liens from him when they transferred his interest and did not recall all bonds, securities, and "hypothecations from said beneficial interest" for him. (ECF No. 1 at 4). He requests that retired United States District Judge Thomas Lambros and Ohio Attorney General Mike DeWine be appointed as his new trustees and that they be ordered to act within seven days to close all accounts and cases related to him and release him from any and all forms of bondage caused by bonds, warrants, securities and related instruments. He asserts that if they fail to fulfill their duties as trustees, he is entitled to damages against them for breach of fiduciary in the amount of $ 75,000 per hour.

In addition, Plaintiff contends Gamble violated the Fair Debt Collection Act, and the Uniform Commercial Code. He calls his criminal case a "fraudulent contract." He alleges Dennison testified inconsistently with respect to the amount of money she spent during the drug buy which he contends "was a breach of contract/duty on the behalf of the co trustee/entity John Gamble, agent/entity Danny Downward, and CI/entity Tammy Dennison in dishonor and default." (ECF No. 1 at 22). He challenges the search of his residence and Young's testimony as breaches of contract and violations of the Uniform Commercial Code. He asserts the Task Force's failure to locate the money from the drug buys is a violation of the Securities Exchange

Act, and contends Downward, Gamble, Dennison, and Chemist Stephanie Laux made untrue statements of material fact which perpetrated a fraud on securities traders in violation of the Sarbanes Oxley Act,15 U.S.C. § 7201 *et seq*. Plaintiff also includes references to the Foreign Sovereign Immunities Act, and suggests the Defendants committed crimes of piracy on the high seas.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the District Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A

pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**DISCUSSION**

Although disguised in legal rhetoric, his pleading is clearly targeting his conviction in Columbiana County for which he seeks monetary damages and release from prison.  To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which unlawfulness would render a conviction or sentence invalid, Plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a Federal Court's issuance of a Writ of Habeas Corpus under 28 U.S.C. § 2254.  *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  If his conviction or sentence has not been invalidated, Plaintiff's claim for damages is not cognizable in a civil action.  *Id.*  Therefore, when a state prisoner seeks damages in a civil suit, the District Court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence and, if it would, the Complaint must be dismissed unless the Plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id.*  If the District Court determines that the Plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against him, the action should be allowed to proceed, in the absence of some other bar to the suit.  *Id.*

While Plaintiff's legal theories are tenuous at best, they would, if found to have merit,

call the validity of his conviction into question. Plaintiff must, therefore, demonstrate that his conviction was invalidated by a state court of appeals or by a Federal Court reviewing a Petition for a Writ of Habeas Corpus. His Complaint does not contain these allegations and must, therefore, be dismissed.

Moreover, the only Defendant in this action is the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

To the extent Plaintiff seeks his release from prison, he cannot obtain that relief in this action. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### **CONCLUSION**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/27/14